**Rodney EVANS, Appellant,**

v.

**Dora B. SCHRIRO, Director, Missouri Department of Corrections; Steve Long, Assistant Division Director, Missouri Department of Corrections; Michael Bowersox, Superintendent, Potosi Correctional Center; Gloria Gourley, Assistant Superintendent, Potosi Correctional Center; Cecilroy Pettus, Functional Unit Manager Potosi Correctional Center; Robert Martin, Caseworker Assistant, Potosi Correctional Center; Patricia Houseman, Caseworker, Potosi Correctional Center, Individually and in their Official Capacity, Appellees.**

No. 02–4025.

United States Court of Appeals, Eighth Circuit.

Submitted July 3, 2003.

Decided Aug. 26, 2003.

Rodney Evans, Jefferson City, MO, pro se.

James R. McAdams, Attorney General's Office, Jefferson City, MO, Deborah Bell Yates, Attorney General's Office, St. Louis, MO, John Francis Cooney, for Defendants–Appellees.

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

PER CURIAM.

Missouri inmate Rodney Evans appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Having carefully reviewed the record, we conclude summary judgment was proper—for the reasons explained in the district court's order—as to Mr. Evans's claims that he was unconstitutionally exposed to environmental tobacco smoke (ETS); that he was subjected to retaliatory cell searches, a disciplinary, and transfer; and that his legal papers were destroyed. We thus affirm the dismissal of these claims. *See* 8th Cir. R. 47B.

However, Mr. Evans's claim that defendant Patricia Houseman threatened to send him to segregation if he did not stop filing complaints about ETS warrants remand. *See Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir.1994) (threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure); *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir.1990) (actions taken by prison officials against prisoner which would otherwise be proper become unconstitutional when taken in retaliation for prisoner's exercise of constitutional right). Accordingly, we reverse the dismissal of this retaliation claim against Ms. Houseman

and remand for further proceedings; in all other respects, we affirm.

A true copy.